# CHARLESTON.

NELLIE B. TOMPKINS *et al. v.* COUNTY COURT OF KANAWHA
COUNTY

(No. 5710)

Submitted April 19, 1927.     Decided April 26, 1927

INJUNCTION—*One Seeking Injunction Against Alleged Trespasser
Must Allege and Prove at Least Possessory Title to Locus
in Quo.*

A party seeking equitable relief against one alleged to be
a trespasser must allege and prove at least a possessory title
in himself to the *locus in quo.*

Appeal from Circuit Court, Kanawha County.

Suit by Nellie B. Tompkins and others against the County
Court of Kanawha County. From a judgment for plaintiffs,
defendant appeals.

*Reversed and remanded.*

*E. S. Bock* and *Murray Briggs,* for appellant.

*A. J. Horan, Brown, Jackson & Knight,* and *B. B. Brown,*
for appellees.

WOODS, JUDGE:

This is a suit to enjoin the county court of Kanawha county
from committing further alleged trespass on what plain-
tiffs claim to be a private lane over an alleged forty-nine acre
tract owned by them, and for general relief from certain
alleged injuries already committed thereon by said county
court. Its demurrer being overruled, the defendant answered,
denying every material allegation of the bill, and setting up
the public character of the roadway in question. The circuit
court found for the plaintiffs and perpetually enjoined said
county court from entering upon said lane, assuming any
control over the same or interfering with plaintiffs in the free
and full use thereof.

Ownership of the forty-nine acre tract and the alleged private lane described in the bill was put in issue by defendant's answer, and the right to possession is directly challenged, so far as the roadway is concerned, by evidence as to its public character. "A party seeking equitable relief against one alleged to be a trespasser must allege and prove at least a possessory title in himself to the *locus in quo.*" 1 Spel. Ex. Rel. § 364. There is no proof in the record showing that the plaintiffs have any present title or right to possession whatsoever to that portion of the property upon which they claim trespasses were committed, or that the tract described in the bill belonged to them. The decree must therefore be reversed and the cause remanded. Since both sides may develop their respective contentions more fully on a retrial, we do not deem it necessary to comment on the probative force of the defendant's evidence relating to the public character of the road.

*Reversed and remanded.*